JAP:AHT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-10-570**

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

COURTNEY DALEY,

        Defendant.

- - - - - - - - - - - - - - - - - X

C O M P L A I N T

(T. 8, U.S.C.,
§§ 1326(a) and
1326(b)(2))

EASTERN DISTRICT OF NEW YORK, SS:

      JAMES ZAGARI, being duly sworn, deposes and states that he is an Immigration Enforcement Agent with Immigration and Customs Enforcement, duly appointed according to law and acting as such.

      On or about February 25, 2010, within the Eastern District of New York, the defendant COURTNEY DALEY being an alien who had previously been arrested and convicted of an aggravated felony, to wit: Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951 and was thereafter deported from the United States and who had not made a re-application for admission to the United States to which Secretary of the Department of Homeland Security, successor to the Attorney General, had expressly consented, was found in the United States.

      (Title 8, United States Code, Section 1326(b)(2)).

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.  I am an Immigration Enforcement Agent with Immigration and Customs Enforcement ("ICE") and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2.  On February 25, 2010, the defendant, COURTNEY DALEY, was arrested by the New York Police Department ("NYPD") in Brooklyn, New York for Aggravated Harassment in the Second Degree, in violation of New York Penal Law § 240.30(2) and Criminal Possession of Marijuana in the Fifth Degree, in violation of New York Penal Law § 221.05.

3.  Subsequent to the arrest, the NYPD ran a criminal history report and found that the defendant, a citizen of Jamaica, had been previously been removed from the United States on March 21, 2001.

4.  The NYPD immediately notified ICE, and ICE

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

officials determined that on or about August 18, 1998, the defendant COURTNEY DALEY had been convicted of Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951, an aggravated felony offense.

5.  An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the defendant's arrest underlying his August 18, 1998 conviction; the fingerprints taken in connection with the defendant's March 21, 2001 removal; and the fingerprints taken in connection with the defendant's February 25, 2010 arrest, and determined that all three sets of fingerprints were made by the same individual.

6.  A search of ICE records has revealed that there exists no request by the defendant for permission from either the United States Attorney General of the Secretary of the Department of Homeland Security to re-enter the United States after removal.

4

WHEREFORE, your deponent respectfully requests that the defendant COURTNEY DALEY be dealt with according to law.

_____
JAMES ZAGARI
Immigration Enforcement Agent
Immigration and Customs Enforcement

Sworn to before me this
19th day of May, 2010

_____
UNITED ST.
EASTERN D.

s/ Pohorelsky